**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

———————————————————

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

v.

**JOHN TONER,**

                **Defendant.**

———————————————————

02-CR-171E(Sr)

FILED
U.S. DISTRICT COURT
WD OF NY
NOV 23 2004

## REPORT, RECOMMENDATION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(A), all pretrial matters in this case have been referred to the undersigned by the Hon. John T. Elfvin. Dkt. #12.

## PRELIMINARY STATEMENT

The defendant, John Toner, is charged in ten counts of an eleven count indictment with violations of 18 U.S.C. § 371 (Count I); 42 U.S.C. § 7413(c)(1) (Counts II, III, IV, V, VI, and VII); 18 U.S.C. § 1001(a)(2) (Count VIII); 18 U.S.C. § 1001(a)(1) (Count IX); and 18 U.S.C. § 1001(a)(3) & § 2 (Count X). At issue in this Report, Recommendation and Order[1] are Counts VIII through X. Count VIII alleges that the defendant made a false representation to construction monitor Peter Junker that the "asbestos in the High Bay was overestimated." Count IX alleges that the defendant misled the FAA and the airport development project grant sponsor by concealing the

---

[1] Defendant's omnibus discovery motion is resolved in a separate Decision and Order.

fact that RACM[2] was being removed in violation of the asbestos work practice standards and by creating the impression that the removal was taking less time than expected because there had been an overestimation of the amount of asbestos in the High Bay. Count X alleges that the defendant caused the making and use of a false writing, *to wit*, a certification that the demolition project had been completed pursuant to the project specification plans and all federal regulations.

The defendant argues that these counts must be dismissed because they are not "within the jurisdiction" of the government. Dkt. #29, pp.15-16. In the alternative, the defendant argues that the government must elect between these counts because they are based upon a single statement and cannot, therefore, constitute three separate offenses. Dkt. #29, pp.13-15. For the following reasons, it is recommended that the defendant's motion be denied.

## STATUTE

18 U.S.C. § 1001(a) provides as follows:

Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly or willfully –

    (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

    (2) makes any materially false, fictitious, or fraudulent statement or representation; or

---

[2] "RACM" is the acronym for "Regulated Asbestos Containing Material."

>    (3) makes or uses any false writing or
>    document knowing the same to contain any
>    materially false, fictitious, or fraudulent
>    statement or entry;
>
> shall be fined under this title or imprisoned not more than 5 years, or both.

## DISCUSSION & ANALYSIS

### Jurisdiction

The defendant argues that statements with respect to the estimation of the amount of asbestos involved in the demolition project were not related to a matter within the jurisdiction of the Federal Aviation Administration. Dkt. #29, ¶¶ 39-48.

The United States Supreme Court has stressed that "the term 'jurisdiction' should not be given a narrow or technical meaning for purposes of § 1001." *United States v. Rodgers*, 466 U.S. 475, 480 (1984). Instead, the Supreme Court assumed that "the legislative purpose is expressed by the ordinary meaning of the words used" in the statute. *Id.* at 479. The Supreme Court determined that the "most natural, nontechnical reading of the statutory language is that it covers all matters confided to the authority of the agency or department." *Id.* Thus, "[a] department or agency has jurisdiction . . . when it has the power to exercise authority in a particular situation." *Id.* "Understood in this way, the phrase 'within the jurisdiction' merely differentiates the official, authorized functions of an agency or department from matters peripheral to the business of that body." *Id.* "It is well settled that the false statement need not be made directly to a federal agency to sustain a section 1001 conviction as long as federal

funds are involved. *United States v. Wolf*, 645 F.2d 23, 25 (10th Cir. 1981); *see United States v. Davis*, 8 F.3d 923, 929 (2d Cir. 1993) (false statements made to correctional facility under contract with Marshals Service were within the jurisdiction of the Bureau of Prisons).

The Airport and Airway Improvement Act of 1982, 49 U.S.C. § 47101 *et seq.*, authorizes the FAA to award airport development project grants such as the grant at issue in the instant case. 49 U.S.C. § 47106(c)(1)(B)[3] specifically provides that if the project grant application is found to have a significant adverse effect on natural resources, including air quality, or another factor affecting the environment, the project may only be approved after a determination that no possible and prudent alternative to the project exists and that every reasonable step has been taken to minimize the adverse effect. In addition, 49 U.S.C. § 47108(a) authorizes the FAA to impose terms on the project grant so as to comply with the Act and requires the FAA to state the obligations to be assumed by the project sponsor within the grant offer. Thus, it is clear that the FAA has authority to require that airport development project grants comply with the asbestos work practice standards. Accordingly, it is recommended that this aspect of the defendant's motion to dismiss be denied.

**Multiplicity – Distinct Charges Based Upon Same Conduct**

The defendant argues that Counts VIII through X are multiplicitous because each of the three alleged violations of § 1001 are based upon a single

---

[3] Formerly 49 U.S.C. § 47106(c)(1)(C).

statement allegedly made by the defendant to construction monitor Peter Junker that the amount of asbestos in the High Bay area had been overestimated. Dkt. #29, ¶ 33. The government concedes that even if he were convicted on all three counts, the defendant could only be sentenced pursuant to one of these counts, but argues that the jury should be allowed to deliberate which, if any, of the alternate theories of liability afforded under 18 U.S.C. § 1001(a), the defendant violated. Dkt. #52, pp. 10-17. The government also notes that had it combined the multiple provisions of § 1001 in one count of the indictment, the indictment would have been duplicitous. Dkt. #52, pp. 12-15.

Assuming for the sake of argument that Counts VIII through X of the indictment are based upon the single statement set forth above, "[i]t is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344-45 n.3 (1981).

> To assess whether the two offenses charged separately in an indictment are really one offense charged twice, the "same elements" test or the "*Blockburger*"[4] test is applied. The *Blockburger* test examines whether each charged offense contains an element not contained in the other charged offense. If there is an element in each offense that is not contained in the other, they are not the same offense for purposes of double jeopardy, and they can both be prosecuted.

*United States v. Chacko*, 169 F.3d 140, 146 (2d Cir. 1999) (internal citations omitted).

---

[4] *Blockburger v. United States*, 284 U.S. 299 (1932).

The defendant relies upon *United States v. Seda*, in support of his argument that the government must elect between counts VIII, IX, and X before trial. 978 F.2d 779 (2d Cir. 1992). In that case, the Court of Appeals for the Second Circuit went beyond the elements of the statute to examine the allegations of the indictment and concluded that because the submission of false loan applications charged as a violation of 18 U.S.C. § 1014 was simply a species of the bank fraud charged as a violation of 18 U.S.C. § 1344, the government had to elect which count would be prosecuted before trial. *Id.* Subsequently, however, the Court of Appeals recognized that the *Seda* analysis was precluded by the Supreme Court's decision in *United States v. Dixon*. *Chacko*, 169 F.3d at 146-47. In *Dixon*, the United States Supreme Court overruled its decision in *Grady v. Corbin*, which announced a "same-conduct" rule in addition to the *Blockburger* "same element" test, stating that the "'same-conduct' rule . . . . is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." 509 U.S. 688, 704 (1993), *overruling* 495 U.S. 508 (1990). Thus, a strict application of the *Blockburger* test to the elements of the charged statutes is appropriate. *Chacko*, 169 F.3d at 147.

Applying the *Blockburger* analysis to the instant indictment, it is the opinion of this Court that subsections (1), (2) & (3) of 18 U.S.C. § 1001 each contain distinct elements, and can, therefore, be prosecuted separately. *See e.g., United States v. Roney*, 37 F.3d 847, 855 (2d Cir. 1994); *United States v. Diogo*, 320 F.2d 898, 902 (2d Cir. 1963). Subsection (1) requires proof of a "trick, scheme, or device," which is not required in subsections (2) or (3); subsection (2) requires proof of a false

statement or representation made by the defendant, whereas neither subsections (1) or (3) require an affirmative statement or representation by the defendant; and subsection (3) requires proof of a false writing made or used by the defendant, while neither subsections (1) or (2) require proof of a writing.

The Court notes that the question of whether separate statutory offenses arising from a single act may be charged in an indictment is distinct from the question of whether separate punishments would be permissible. See United States v. Holmes, 44 F.3d 1150, 1154 (2d Cir. 1995) ("The test for determining if a defendant has improperly been convicted under different statutes for a single transaction is whether congress intended to authorize separate punishments for the conduct in question."). In Ball v. United States, the United States Supreme Court reaffirmed "the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case," noting that "Congress can be read as allowing charges under two different statutes with conviction and sentence confined to one." 470 U.S. 856, 860-861 (1985). In a footnote in that case, the Supreme Court characterized a prior decision as concluding "that 'there can be no impropriety . . . for a prosecutor to file an information containing counts charging violations of' several different provisions of the federal bank robbery statute where there is evidence to support the charges, even though the defendant could not in the end stand convicted of both offenses." Id. at 860, n.8, quoting United States v. Gaddis, 424 U.S. 544, 550 (1976); see also United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 225 (1952) ("draftsman . . . may

cast the indictment in several counts whether the body of facts upon which the indictment is based gives rise to only one criminal offense or to more than one."). Thus, multiple counts arising from the same act are permissible regardless of whether multiple punishments could ultimately be imposed.

## CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that the defendant's motion to dismiss (Dkt. #29), be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u> *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

/s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**Dated:** Buffalo, New York
November 22, 2004