UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA                                    02-CR-171E

-vs-
                                                                MEMORANDUM
USA REMEDIATION SERVICES, INC. and
COMPREHENSIVE EMPLOYEE MANAGEMENT,                                    and
  INC., also known as CEM, Inc. and
MARK JAMIESON,                                                    ORDER[1]
ROBERT BIRMINGHAM,
JOHN TONER and
COREY SEAMON

---

Defendants were charged with various crimes stemming from the allegedly improper removal of asbestos from the Westinghouse Electric Company facility ("Westinghouse") adjacent to the Buffalo-Niagara International Airport. In an indictment filed on September 6, 2002 ("the Indictment"), defendant John Toner was charged with having violated (1) 18 U.S.C. §371 (2000) (conspiracy to commit offense) (Count 1), (2) the Clean Air Act ("CAA"), 42 U.S.C. §7413(c)(1) (2003) (Counts 2-7), (3) 18 U.S.C. §1001(a)(1) (2000) (Count 9), (4) 18 U.S.C. §1001(a)(2) (2000) (Count 8) and (5) 18 U.S.C. §1001(a)(3) (2000) and 18 U.S.C. §2 (2000) (Count 10). The Indictment alleges that Toner made a false statement to Peter Junker, construction monitor for the Niagara Frontier Transportation Authority ("NFTA")[2] — to wit, that the asbestos in the High Bay was overestimated. The Indictment also alleges that Toner, who

---

[1] This decision may be cited in whole or in any part.

[2] The NFTA retained ERM, Inc. to serve as an on-site construction monitor; ERM, Inc., in turn, hired Junker to perform such service.

was hired to ensure regulatory compliance with respect to the removal of asbestos containing material from Westinghouse, knowingly and willfully failed to report improper asbestos removal.

Toner filed an omnibus discovery motion ("the Motion") on April 25, 2003.[3] The undersigned referred the Motion to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. §636(b)(1)(A) (Supp. 2004) for consideration of the merits and legal issues raised therein. Judge Schroeder filed his Decision & Order ("the D&O") on November 23, 2004 denying Toner's discovery requests. After obtaining an extension of the filing deadline, Toner filed his objections to the D&O on December 29, 2004 ("Objections"). Oral argument was heard and this matter was submitted on March 11, 2005. For the reasons set forth below, this Court will overrule Toner's Objections and affirm the D&O.

This Court may reconsider an order issued by a magistrate judge if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A) (Supp. 2004).[4] Rule 58.2(a)(2) of the Local Rules of Criminal Procedure ("LRCrP") instructs parties objecting to an R&R as follows:

> "The specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out."

---

[3]Toner's Motion also sought other relief, but such will be addressed in a separate order.

[4]*See also United States of Am.* v. *Mingle*, 2004 WL 1746936, at *2 (W.D.N.Y. 2004) (applying clear-error standard of review when reviewing magistrate judge's decision and order addressing a criminal defendant's discovery motion).

The relevant language in LRCrP 58.2(a)(2) is verbatim of Rule 72.3(a)(2) of the Local Rules of Civil Procedure ("LRCvP") and case law construing one is equally applicable to the other.[5] The undersigned has previously noted that "[a] magistrate's resolution of pretrial discovery disputes is entitled to substantial deference."[6] Moreover, failure to comply with local rules governing the manner of objecting to a magistrate judge's findings "justifies dismissal of the objections."[7] Furthermore, this Court will not address any arguments not previously presented to the magistrate judge.[8] Finally, objecting parties may not simply re-hash arguments presented to the magistrate judge.[9]

The D&O denied Toner's discovery requests. D&O, at 2-6. Toner's Objections were "to the denial of a portion of his requests for particularization of the indictment." Toner's Objections, at 2. Toner's Objections contend that it was clear error and contrary to law for the

---

[5] Not surprisingly, the local rules track the language of subsection 636(b)(1)(A). Consequently, case law construing subsection 636(b)(1)(A) is equally applicable to a consideration of LRCvP 72.3(a)(2) and LRCrP 58.2(a)(2). *Cf. United States of Am.* v. *Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997) (applying civil case law construing standard of review set forth in 28 U.S.C. §636(b)(1)(B) when reviewing a criminal defendant's appeal of admissibility ruling).

[6] *Travelers Ins. Co.* v. *Monpere*, 1995 WL 591141, at *1 (W.D.N.Y. 1995).

[7] *Galvin* v. *Kelly*, 79 F. Supp. 2d 265, 267 (W.D.N.Y. 2000) (citing *Camardo* v. *GM Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); *see also James* v. *M.L. Williams*, 1999 WL 454335, at *2 n.2 (W.D.N.Y. 1999) (declining to review "any portion of the R & R to which no specific objection has been made").

[8] *Galvin*, *supra* note 7, at 267.

[9] *Mario* v. *P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either [FRCvP 72(b) or LRCvP 72.3(a)(3)]."); *Camardo*, *supra* note 7, at 382 ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a Report and Recommendation ∗∗∗.").

D&O to deny his particularity requests with respect to the Indictment's allegations that (1) the conduct alleged in paragraphs 12-13 constituted "part of the conspiracy"; (2) the conduct alleged in paragraphs 7 and 12 encompassed the phrase "among other things"; and (3) Toner is alleged to have aided and abetted and/or caused a violation of the CAA.  Toner, however, did not object to the remainder of the D&O and he thus waives objection to such.

Firstly, Toner objected to the D&O's denial of his request for a bill of particulars with respect to the fact that paragraphs 12-13 of the Indictment alleged conduct that constituted "part of the conspiracy".  Toner's Objections, 2-4.  Toner, however, failed to set forth *specific matters* to which he objects as required by LRCrP 58.2(a)(2), where he merely stated that the D&O characterized his particularization requests as seeking "evidentiary details which the government has no obligation to disclose."[10]  Indeed, Toner failed to set forth the "manner in which it is claimed that" this aspect of the D&O is clearly erroneous or contrary to law.  Rather, Toner improperly reiterated arguments raised before — and rejected by — Judge Schroeder.[11]  Consequently, this objection need not be addressed here.  Nonetheless, briefly addressing its merits, it would be overruled in any event because Toner objected to the D&O's alleged failure to accept his argument concerning the applicability of *United States* v. *Davidoff*, 845 F.2d 1151 (2d Cir. 1988).  *Davidoff* held that the district court abused its discretion in denying a bill of particulars where a defendant was charged under the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. § 1961 *et seq.* ("RICO"), with extorting one company, but was

---

[10]Toner's Objections, at 3 (quoting D&O, at 5).

[11]*See Camardo*, *supra* note 7, at 382; *Travelers Ins. Co.*, *supra* note 6, at *1.

confronted at trial with evidence that he had extorted other companies. *Davidoff*, at 1154. The *Davidoff* Court, however, noted that principles governing requests for a bill of particulars in RICO actions are more stringent than those governing non-RICO actions. *Ibid.* In other words,

> "[w]ith the latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Ibid.*

Consequently, *Davidoff* is distinguishable and this Court finds no clear error in the D&O's rejection of Toner's argument.[12] Indeed, the Second Circuit Court of Appeals has "consistently sustained indictments which track the language of the statute and, in addition, do little more than state time and place in approximate terms."[13] Accordingly, this objection will be overruled.

Second, Toner objected to the D&O's denial of his request for a bill of particulars with respect to the fact that paragraphs 7 and 12 of the Indictment alleged that Toner violated the CAA by conduct and/or omissions characterized as "among other things". Toner's Objections, 4-5. Toner's Objections, however, cite cases that were not previously raised before Judge Schroeder.[14] Consequently, such authorities represent new arguments that will not be

---

[12]*See, e.g., United States of Am.* v. *Lam Lek Chong*, 544 F.2d 58, 63 (2d Cir. 1976) (noting that "a conspiracy indictment need not allege every overt act committed in furtherance of the conspiracy" and rejecting challenge to indictment that alleged that certain acts were "a part of" a conspiracy).

[13]*United States of Am.* v. *Kaplan*, 2003 WL 22880914, at *12 (S.D.N.Y. 2003) (quoting *United States* v. *Salazar*, 485 F.2d 1272, 1277 (2d Cir. 1973)).

[14]Moreover, such authorities were all well over 30 years old and Toner offers no excuse for failing to raise such before Judge Schroeder.

addressed on appeal.[15] Moreover, the Indictment is sufficient because it informs Toner of the detailed acts of which he is accused, thus enabling him to prepare for trial.[16] Indeed, the Indictment is more detailed than the indictment in *Cephas*, *supra* note 16, where the Second Circuit Court of Appeals found that a criminal defendant "was sufficiently advised as to the charges against him", noting that:

> "[a]lthough the government did not list the specific activities which showed how [the defendant] furthered the criminal enterprise or conspiracy, such specific acts need not be alleged with respect to every named defendant, if the indictment is otherwise sufficient and names the other persons involved in the criminal activity." *Cephas*, *supra* note 16, at 823.

The Indictment informs Toner of the conduct for which he is charged and the "government is not obligated to go further and provide specific information regarding the individual [d]efendants' alleged role[s] in the various aspects of the scheme." *Rigas*, *supra,* note 16, at 305. Accordingly, this objection will be overruled.[17]

---

[15]The authorities cited by Toner would not persuade this Court that the D&O was clearly erroneous in any event.

[16]*See, e.g., United States of Am.* v. *Cephas*, 937 F.2d 816, 823 (2d Cir. 1991) (affirming conviction where "no particular overt act committed by [the defendant] was specifically stated in the indictment or a bill of particulars"); *United States of Am.* v. *Rigas*, 258 F. Supp. 2d 299, 303-305 (S.D.N.Y. 2003) (denying request for bill of particulars where indictment alleged "misconduct included in the phrase 'among other things'"). Similar to *Rigas*, this case involves "a small group of defendants who are alleged to have had intimate involvement with the preparation and carrying out of a series of" activities in violation of the CAA over a relatively short period of time. *Id.* at 305.

[17]Toner's Objections also sought the statutory or regulatory authority that required him to make an entry in his log book or to otherwise disclose illegal asbestos removal at Westinghouse. The Indictment, however, expressly informs Toner of the statutory and regulatory authorities that he is alleged to have violated. Presumably the prosecution will argue that Toner's employment for the purposes of ensuring regulatory compliance obligated him to disclose regulatory non-compliance and that such failure exposed him to criminal liability under, *inter alia*, the CAA. *See, e.g., United States of*
(continued...)

Third, Toner objected to the D&O's denial of his request for a bill of particulars with respect to "the exact manner by which he is alleged to have aided, abetted and/or caused any violation of the [CAA]". Toner's Objections, at 6. This objection will be overruled because Toner failed to comply with LRCrP 58.2(a)(2). Indeed, Toner merely reiterated the argument that was raised before — and rejected by — Judge Schroeder. Moreover, even if this Court were to address this objection on the merits, it would be denied for the reasons set forth above — namely, the Indictment was sufficiently precise. Furthermore, the prosecution has afforded defendants ample discovery concerning, *inter alia*, Toner's alleged role in the conspiracy and no bill of particulars is thus required.[18] Accordingly, this objection will be overruled.

Accordingly, it is hereby **ORDERED** that Toner's Objections are overruled, that Judge Schroeder's Decision and Order filed on November 23, 2004 is affirmed and that Toner's discovery Motion is denied.

DATED:   Buffalo, N.Y.

April 26, 2005

                                                    */s/ John T. Elfvin*
                                                    JOHN T. ELFVIN
                                                    S.U.S.D.J.

---

[17](...continued)
*Am.* v. *Pearson*, 274 F.3d 1225, 1233 (9th Cir. 2001) (affirming conviction of supervisor of asbestos removal project for having violated CAA); *United States of Am.* v. *Dipentino*, 242 F.3d 1090, 1097 (9th Cir. 2001) (same); *United States of Am.* v. *Weintraub*, 273 F.3d 139, 151 (2d Cir. 2001) ("[K]nowledge that the renovation or demolition involves asbestos can result in criminal liability, because no one can reasonably claim surprise that asbestos is regulated and that some form of liability is possible for violating those regulations."). Judge Schroeder was correct in concluding that further disclosure would be evidentiary detail that the prosecution is not obligated to disclose.

[18]*See United States of Am.* v. *Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).